BOSTON & M. R. R. v. McGRATH.

(Circuit Court of Appeals, First Circuit.  June 27, 1910.)

No. 866.

RAILROADS (§ 328*)—INJURIES TO PEDESTRIAN—FAILURE TO LOOK AND LISTEN—CONTRIBUTORY NEGLIGENCE.

Where the distance between the track on which a freight car was standing and that on which an engine was approaching was such that plaintiff could have seen the approaching engine for some distance if he had looked in that direction as he was passing the freight car before he stepped on the track, the presence of the freight car, instead of being an excuse for plaintiff's failure to see the approaching engine, was notice to plaintiff of danger, so that his failure to look and listen constituted contributory negligence, precluding a recovery for injuries sustained in the collision which followed.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1057–1070; Dec. Dig. § 328.*]

In Error to the Circuit Court of the United States for the District of Massachusetts.

Action by William McGrath against the Boston & Maine Railroad. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Archibald R. Tisdale, for plaintiff in error.

Joseph L. Keogh (Chas. Toye, on the brief), for defendant in error.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

ALDRICH, District Judge.  We think the judgment should be reversed in this case.

There is nothing to show that the plaintiff was a man wanting in ordinary sight and intelligence, and, upon his own statement, he deliberately and without looking walked onto a railroad track, where he was aware that trains and engines were liable to be moving. The undisputed evidence shows that he was injured by an engine moving at the moderate rate of four or five miles an hour, which was no greater speed than that of the brisk walk of a footman.

In the absence of something showing a situation which operates to entrap or throw a footman off his guard, walking onto a railroad track without looking, and in front of an engine thus moving, is in-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

excusable. The explanation, which the plaintiff claims amounts to an excuse, is that there was a standing freight car between him and the approaching engine, which would have obstructed the view if he had looked. The distance between the track upon which the freight car was standing and that upon which the engine was approaching was such that the plaintiff could have seen the approaching engine for some distance if he had looked in the direction from whence it was coming, as he was passing the freight car and before he stepped into the place of danger. Instead of being an excuse, the presence of the freight car upon the track, obstructing the view, was palpable notice to the plaintiff that he should look, knowing, as he says he did, that a car thus standing between a traveler and an approaching engine, would muffle the sound. In other words, the presence of the freight car was a standing admonition that the plaintiff, in approaching the track, should look.

The rule which requires or admonishes members of the public traveling over railroad crossings to look and listen is not an arbitrary rule of law. While it is generally spoken of as a rule of law, it after all, in a case like this, has reference to something embodying a consequence which results from an admission that the person seeking relief was violating a natural rule of conduct founded upon fact. It is the usual thing for a court to tell a jury that a plaintiff sustaining an injury, in order to recover, must not have been wanting in ordinary care, and that that care is such care as men of ordinary prudence exercise in similar situations. As a matter of fact, as experience and observation show, men of ordinary care and prudence do look and listen before crossing railroad tracks, upon which they know trains and engines are likely to pass at rapid rates of speed.

Such foresight and precaution is involved in the conduct of men ordinarily and generally. It is based upon the instinct of the ordinary man, and it is so general as to be accepted as something ordinarily done. Consequently, when an injured party is living, and says that he walked in front of a moving engine, and that he did it without looking, and furnishes no reasonable excuse, he in effect admits, as matter of fact, that he was not in the exercise of the care generally exercised by men of ordinary prudence. And thus it is that the failure to recover in such a case is not the result of an abstract and arbitrary rule of law requiring members of the traveling public to look and listen, but more logically from the fact that the injured party admits that he did not use the precaution that men ordinarily use at railway crossings.

Of course, there might be a fatal injury where the condition of inanimate things would afford an explanation and satisfy a jury that the injured party did look and listen; but in such a case there would be no express admission that he was not doing what men generally do at such a place. And, of course, in the case of an injury not resulting in death, there might be an explanation or an excuse for not looking which would entitle the injured party to go to the jury upon the question of his exercise of ordinary care under the circumstances. There is, however, nothing in the case at bar which relieves the plaintiff from the consequences which result from an admission, in effect, that the plaintiff was not in the exercise of the care ordinarily exercised.

The fact that there was no flagman does not help the plaintiff, because he in effect says that his conduct was not governed by that.

The judgment of the Circuit Court is reversed, the verdict is set aside, the case is remanded to that court for further proceedings not inconsistent with this opinion, and the plaintiff in error recovers its costs of appeal.