NASHVILLE, C. & ST. L. R. Co. *et al. v.* W. M. PARKS

(*Knoxville.*   September  Term,  1916.)

1. **RAILROADS.   Injury on track.   Contributory negligence.**

A traveler must take the precaution of looking and listening be-
fore going upon or crossing a railroad track, though he may,
by the finding of the jury, be excused in respect of such duty
in exceptional circumstances.   (*Post, pp.* 370-373.)

Cases cited and approved:   Railroad Co. v. Houston, 95 U. S.,
697;   Middle Tenn. R. Co. v. McMillan, 134 Tenn., 490;   Rail-
road v. Satterwhite, 112 Tenn., 185.

Cases cited and distinguished:   Patton v. Railway, 89 Tenn., 370;
Todd v. Railway, 135 Tenn., ——.

2. **RAILROADS.   Injury on track.   Contributory negligence.**

Decedent approaching defendant's station to take a train, and who
must have seen and heard a passing freight train and have ap-
preciated that it would hinder her hearing the approach of
a passenger train, was required to use her sight to ascertain
whether there was any danger in crossing or going upon the
main track, and where she could, had she looked, have seen
an incoming passenger train, over one hundred feet away in time
to have stopped before going on the track and to have prevented
being struck, was guilty of contributory negligence, and no
exceptional case for the jury was made.   (*Post, pp.* 374, 375.)

Cases cited and approved:   Railroad v. Dies, 98 Tenn., 655;   Rail-
road v. Freeman, 174 U. S., 381;   Curtis v. Railroad, 232 Fed.,
109;   Railroad v. McGrath, 179 Fed., 323;   Gardner v. Railroad Co.,
97 Mich., 240.

FROM HAMILTON.

Appeal from the Circuit Court of Hamilton County
to the Court of Civil Appeals, and by *certiorari* to the
Court of Civil Appeals from the Supreme Court.—
NATHAN L. BACHMAN, Judge.

BROWN, SPURLOCK & BROWN, for appellant.

FORD & YARNELL and MURRAY & DRAPER, for appellee.

Mr. Justice Williams delivered the opinion of the Court.

This is a suit begun by Parks to recover for the alleged wrongful death of his intestate, Miss Nancy McPhail, in a collision at Boyce Station, on defendant company's line.

On the east side of the depot in that village are the main track and a sidewalk of defendant, and on the west side are the tracks of the Cincinnati Southern, the lines of the two companies running parallel past the depot. South of the depot is Wilder street, which crosses at right angles all these tracks. Beck street runs at right angles with Wilder street and parallel with the defendant's tracks; it being the first street east of them. Deceased used a street car, operated on Beck street, in going to the depot to take passage on a Cincinnati Southern train. Leaving the car when it reached Wilder street, she stood for a few moments talking to a friend, when, hearing a train whistle, she started to walk to the station very rapidly, quite in a run. She evidently, by mistake, thought that the incoming train she heard blow was the one she intended to take. She used a much-traveled walkway, instead of going on Wilder street to the depot grounds, thence to the station. This walkway afforded a diagonal short cut over vacant lots to the depot across the defendant's side and main tracks. On the side track were three box cars, north of Wilder street, so located as to leave a passageway for those using the walk-

Railroad v. Parks.

way in going to the station. The space between the cars so left was variously estimated to be from ten to twenty feet wide.

Deceased passed through this opening and continued in a diagonal direction in the space between the two tracks of the defendant. The proof shows that she walked about five or six steps after passing from between the box cars, and that she was about to complete a step over the nearest rail of the main track when she was struck by a fast through train of defendant, approaching from the south at a speed of about thirty-five miles per hour, and thrown against one of the box cars and instantly killed. She did not look behind her to observe whether a train was thus about to pass the station on the main track.

At the same time, a long double-header freight train, going north also, was passing the station on the track of the Cincinnati Southern. It ran a very little behind the passenger train of defendant, and was making much noise.

The view of the deceased down the straight main track was unobstructed, had she looked in that direction after passing through the gap in the box cars.

The declaration contained a count averring negligence in the failure of the enginemen of defendant to observe the statutory precautions. On an issue presented, the jury found that these precautions had been complied with, the engineer having promptly blown the whistle and put on the air brakes in an effort to prevent a collision with deceased.

136 Tenn.—24

A count averring common-law negligence was also incorporated. On an issue submitted under it, the jury found the defendant guilty and brought in a verdict. The trial judge had previously overruled a motion of defendant company for peremptory instructions in its favor.

On appeal the court of civil appeals held that this motion should have been granted, and it was sustained in that court. The administrator has been granted a writ of *certiorari* in order to obtain a review of that ruling, and the case has been reargued at the bar of this court.

The court of civil appeals waived a determination of whether defendant was guilty of any common-law negligence, and placed its decision on the ground that deceased was guilty of proximate contributory negligence.

That court, however, stated that it found difficulty in bringing its ruling into accord with certain decisions of this court, and it thought that some of these did not harmonize themselves.

Much of the claimed difficulty in attempting to reconcile our cases that treat of the duty of a traveler to exercise the precaution of looking and listening before going upon or crossing a railroad track is more apparent than real, and grows out of a failure to note the fact that he may, by the finding of a jury, be excused in respect of this duty only in exceptional circumstances. That the duty arises in the ordinary case, and as one of law, is distinctly set forth in the

case of *Patton* v. *Railway,* 89 Tenn., 370, 378, 15 S. W., 919, 921 (12 L. R. A., 184), which case the court of civil appeals states in its opinion is the one that has brought confusion into the decisions of this court on the immediate question, as it conceives. In that case it was said:

"That it is negligence to go upon a railroad track without taking the precaution to look and listen is well established. *Railroad Co.* v. *Houston,* 95 U. S., 697, 24 L. Ed., 542.

"He is, as a prudent man, bound to look and listen, and take such measures as common prudence suggests, in view of the danger and consequences of a neglect to do so. 'This is a rule of law,' says Mr. Wood, 'and it is only in exceptional cases that the question as to whether his neglect to take such precaution is excusable, is for the jury.' "

We believe that there has been no deviation from the rule thus announced, when this factor of differentiation is held in mind, and regard is had to the facts on which the respective rulings are based. *Middle Tenn. R. Co.* v. *McMillan,* 134 Tenn., 490, 184 S. W., 20.

The decision in *Railroad* v. *Dies,* 98 Tenn., 655, 41 S. W., 860, is sometimes relied upon as being in conflict; but that case is to be construed as demonstrating that the use of both faculties of sight and hearing, in the circumstances of that case, was useless—rendered unavailing; and when so construed that case is in harmony with many decisions in other juris-

dictions. In the Patton Case, also, the plaintiff was excused of proximate, barring contributory, negligence, because as to sight he was misled by the first section of the broken freight train which he might have taken to be the entire train, and therefore was excused in respect of looking behind for the second section; and, as to hearing, that was prevented by the noise of a waterfall beneath the bridge on which the pedestrian, a stranger to the situation, was then struck, or about to be struck, he having gone on the track near that point. That the duty is not absolute, so as to be observed by the traveler in all cases, exceptional as well as ordinary, is the pronouncement of these cases.

In *Railroad* v. *Satterwhite,* 112 Tenn., 185, 203, 79 S. W., 106, 110, the court speaks of the "general rule that an entrance upon a railroad track without looking or listening is negligence *per se,*" but also of exceptional circumstances in the immediate case which modified it— (1) the loud noise caused by a neighboring flouring mill that probably overcame the noise of the approaching train; and (2) the obstruction of sight by a long string of box cars parked on the defendant's side tracks, and other intervening objects. "It was necessary that these extenuating circumstances should be passed upon by the jury in determining the negligence of the deceased in failing to look or listen."

It therefore appears that in all of the above cases there was room for a fair inference that the traveler

did not have opportunity for the use of either sense, and in each a case for the jury was presented.

In the consideration of the Satterwhite Case, for application in other cases, it should be borne in mind that there was involved a traveler in a vehicle drawn by a horse, and, doubtless, the animal had reached a place of danger before the traveler had come to a point past the box cars where he could see the oncoming train. That there may be a difference in the case of such a driver and the case of a pedestrian is, perhaps, more distinctly pointed out in the closing pages of the opinion in *Todd* v. *Railway,* 135 Tenn., 92; 185 S. W., 62, 67:

"This rule is general and applies as well to the driver of a team as to the foot passenger, with the difference, however, that it is much more difficult to conceive circumstances surrounding the latter which can at once deprive him of the opportunity to observe and the ability to stop short of the actual peril. With him a single step, wholly under his control, crosses the danger line. With the driver many things may complicate the situation—momentum, conduct of horses, multiplication of perils, and the like."

In the Satterwhite Case, however, as well as in the very recent case of *Todd* v. *Railway,* supra, it was held that if either of the two senses cannot be rendered available, the obligation to use the other is stronger—to ascertain before attempting to cross whether a train be in dangerous proximity.

Applying these principles to the facts of the case under review: Whatever may be said of the tendency of the noise made by the freight train passing on the track of the Cincinnati Southern Railroad to hinder the deceased's hearing the approach of the passenger train, she must have seen as well as heard that train and have appreciated that she was by it deprived of one protecting sense; and we think it manifest that in the exercise of due caution a stronger call was then on her to use her eyes to ascertain whether there was any danger to be encountered in crossing or going upon the defendant's main track.

The inference is not presented by the facts that before entering between the box cars on the siding deceased, if she had looked, could not have seen the incoming passenger train as it neared the depot under speed. It further appears that on passing from between the box cars, she made five or six steps to or into the main track before she was struck, and had she looked behind her she would have seen the passenger train over one hundred feet away, in time to stay her steps and prevent the disaster. The eyewitnesses saw the peril into which she went rapidly and heedlessly. One or two of them hurriedly looked under the box cars to observe, and saw her struck by the engine.

We are of opinion that an exceptional case for the jury was not made. A multitude of cases might be cited which relate to similar circumstances, but see *Northern Pac. R. Co.* v. *Freeman,* 174 U. S., 381, 19

Sup. Ct., 673, 43 L. Ed., 1014; *Curtis* v. *Louisville, etc., R. Co.,* 232 Fed., 109, 146 C. C. A., 301, *Boston etc., R. Co.* v. *McGrath,* 179 Fed., 323, 102 C. C. A., 507, *Gardner* v. *Railroad Co.,* 97 Mich., 240, 56 N. W., 603, and other cases collected in note 37 L. R. A. (N. S.), 135.

It is not contended that after the deceased was in a place of peril, the enginemen operating the passenger train, who were on the lookout, failed on actually discovering the peril of deceased to do all in their power to prevent the accident. In fact, the trial jury substantially so found on a special issue submitted under the count as to negligence under the statute.

There is no error in the judgment of the court of civil appeals. Affirmed.