Walter Anderson, Appellee, v. Chicago, Burlington & Quincy Railroad Company, Appellant.

### Gen. No. 7,224.

1. RAILROADS—*statutory warning may be given by ringing bell and sounding whistle alternately in approaching grade crossing.* The statute does not require that warning of an approaching train shall be given by the continuous ringing of a statutory bell or the continuous sounding of a whistle for a distance of eighty rods before the locomotive reaches the grade crossing, and one of such signals may be given for part of the distance and the other for the rest, and it was error to instruct, in substance, that one or the other of such warning signals must be given continuously for the entire distance.

2. RAILROADS—*instruction requiring giving of both statutory warning signals in approaching grade crossing erroneous.* An instruction directing a verdict against defendant railroad company for damages for injuries received in a grade crossing accident, if the jury find from a preponderance of the evidence that plaintiff was in the exercise of due care and that his injuries were caused by the failure of the enginemen to cause "a bell * * * to be rung for at least eighty rods next before reaching said crossing, and * * * to cause a steam whistle to be whistled" for a like distance before reaching the crossing, is erroneous for incorrectly stating the statutory rule as to the giving of such warning signals.

3. RAILROADS—*when instruction erroneous as to negligence in sounding statutory warning in approaching grade crossing.* An instruction informing the jury that the declaration charges negligence by defendant railroad company in not ringing the locomotive bell continuously for a distance of eighty rods before reaching the crossing or in causing the whistle to be blown continuously for a like distance, is misleading as excluding the right to sound either warning alternately.

4. WORKMEN'S COMPENSATION—*act not available as defense to common-law action without proof of applicability.* In an action

for personal injuries sustained in a grade crossing accident, the alleged fact that plaintiff's employer and the defendant railroad company were under the Workmen's Compensation Act, and that the train was an intrastate one, is not a defense to the action where the declaration alleged negligence generally and also by failure to give the statutory signals in approaching the crossing, and defendant filed the general issue and a special plea setting up the applicability of the act, but failed to prove the allegations of such special plea.

Appeal by defendant from the Circuit Court of Winnebago county; the Hon. ROBERT K. WELSH, Judge, presiding. Heard in this court at the April term, 1923. Reversed and remanded. Opinion filed September 7, 1923.

LATHROP, LATHROP & BROWN and E. D. REYNOLDS, for appellant.

KNIGHT & MOHR and ROY F. HALL, for appellee.

MR. JUSTICE JETT delivered the opinion of the court.

Walter Anderson, appellee, recovered a judgment in the circuit court of Winnebago county against the Chicago, Burlington & Quincy Railroad Company, the appellant, for the sum of $525 and costs of suit, from which judgment appellant prosecuted this appeal. The injury to appellee was occasioned by a collision between a locomotive engine pulling a train of cars, owned and operated by appellant, and a two-ton truck owned by the C. & C. Truck Company, and operated by appellee, who was in the employ of said C. & C. Truck Company. This collision took place in Winnebago county at a point where the railroad of appellant crosses a public road, the crossing being three and one-half miles south of Rockford. The railroad of appellant at this crossing runs north and south, and the public highway runs east and west.

The declaration of appellee contained two counts. The first count charged that appellant by its servants negligently and carelessly drove, managed, operated and controlled its railroad engine and train so that

appellee was injured. The second count, among other things, alleged appellant drove its locomotive engine upon and along its railroad to, upon and across said road, and in so doing no bell of at least thirty pounds weight, or steam whistle, placed upon said locomotive, was rung or whistled by the engineer or fireman thereof at a distance of at least eighty rods from said crossing, and kept ringing or whistling until said crossing was reached by said locomotive engine, but therein the appellant, by its servants, wholly failed and made default, contrary to the form of the statute in such cases made and provided, by means and in consequence of which default and negligence by the appellant, while appellee was then and there riding on and upon said public highway at the intersection of said highway and railroad, said locomotive engine then and there struck, with great force and violence, the appellee.

A number of errors are assigned and argued why the judgment should be reversed. It will be observed from what has already been said, and from the allegations of the declaration in this cause, that appellee received his injury at a point where appellant's track crosses a public highway. One question necessarily involved then is whether or not the signals were given as contemplated by the statute, by appellant company, in approaching said railroad crossing.

Two instructions given on the part of appellee, each of which was given with a view of defining the law relative to the duty of appellant regarding the manner of approaching the crossing, are said to be misleading and should not have been given. The instructions above alluded to are Nos. 10 and 6. Instruction No. 10 is as follows:

"The court instructs the jury if you believe from a preponderance of the evidence that the plaintiff was traveling upon a public highway and was about to approach a crossing of said highway with a railroad, and was in the exercise of reasonable care at all times

prior to the accident, then you are instructed, that the plaintiff had a right to assume that the servants of the defendant would give warning of the approaching train, either by continuously ringing a bell of at least thirty pounds in weight for eighty rods before said engine reached the crossing in question, or by continuously sounding a whistle on said engine for eighty rods before said engine reached said highway crossing.''

The jury are, in effect, told in this instruction that if they believe from a preponderance of the evidence that the plaintiff was traveling upon a public highway and was about to approach a crossing of said highway with a railroad, and was in the exercise of reasonable care at all times prior to the accident, then he had a right to assume that the servants of the company would give warning of the approaching train either by continuously ringing a bell of at least thirty pounds in weight for eighty rods before said engine reached the crossing in question, or by continuously sounding a whistle on said engine for eighty rods before said engine reached said highway crossing. This instruction exacted more of appellant than the statute requires. In the case of *St. Louis, P. & N. Ry. Co. v. Rawley*, 90 Ill. App. 653, an instruction was given in which this language is found: "And if the jury further believe from the evidence in this case that as defendant's engine and cars approached and reached said highway crossing the bell on the engine was not being continuously rung, or that the whistle on the engine was not being continuously sounded, and that neither the bell nor whistle was sounded continuously for eighty rods from said crossing, and until said crossing was reached by said engine." The court, in the opinion relative to this instruction, on page 658 said: "This instruction is misleading. The statute does not require that the bell shall be continuously rung, or, if not, that the whistle shall be continuously sounded. If the bell is rung a part of the

required time, and the whistle sounded for the remainder of the time, the statute is complied with.''

In the case of *Rich v. Wilson*, 205 Ill. App. 38, which was a suit in the trespass on the case, brought by an administrator to recover pecuniary damages for the benefit of the next of kin, because of the death of a child caused by a collision between a train of plaintiff in error and an automobile in which the child was riding and which was being driven by the mother of the child, and in which the court gave two instructions, which informed the jury in substance that the law requires plaintiff in error to have a bell weighing at least thirty pounds, ringing continuously for eighty rods next immediately before the train reached the public highway crossing, or to have a whistle sounded continuously for eighty rods before reaching said crossing. In the opinion of the case the court said: ''These instructions were erroneous. The law requires that either a bell or a whistle be continuously sounded for eighty rods before reaching such a crossing. The servants of plaintiff in error had the option to sound the bell part of the time and the whistle part of the time or sound either the bell or the whistle all of the time but was not required to sound either one, all of the time.''

In view of the rule as announced in the above authorities, instruction No. 10 is misleading and erroneous.

Instruction No. 6 is as follows: ''The court instructs the jury if you believe from a preponderance of evidence that the track of the defendant crossed a public highway, and that the defendant, by its servants, was moving a train along said railroad track toward said crossing at said public highway, and that the defendant, by its servants, failed to cause a bell of at least thirty pounds in weight to be rung for at least eighty rods next before reaching said crossing, and failed to cause a steam whistle to be whistled for

a distance of, at least eighty rods next before reaching said crossing, and that by and on account thereof the plaintiff was injured, and that the plaintiff was at and before the time of the accident in the exercise of reasonable care for his safety, then you should find the defendant guilty.''

It will be observed that this instruction directed a verdict, and in doing so the rule announced should have been correctly stated. What has been said concerning instruction 10 will, in part, apply with equal force here.

Instruction No. 2, given on part of appellee, in and by which the jury were informed as to the charges as alleged in the declaration, contained the following: ''And in the second count the negligence charged against the defendant is that it negligently and carelessly ran its train up to the crossing of a public highway, and did not cause a bell of at least thirty pounds in weight to be rung continuously for a distance of eighty rods before reaching the crossing, or did not cause a whistle to be blown continuously for a period of eighty rods before reaching said crossing, and that by and on account thereof the plaintiff was injured.''

Applying the rule as has been announced, as above indicated, this part of instruction 2 was likewise misleading.

Owing to the fact there may be another trial of this case, we will briefly refer to some of the other errors assigned by appellant. Appellant filed the general issue, and a special plea, in which it was alleged the train in question was an intrastate train; that the employer of appellee was under the Compensation Act, and appellant was under the Compensation Act, and for that reason the Compensation Act governed, and there was no liability in this action, and it is insisted by appellant that this is a good defense in this cause. We do not think this position

can be maintained. The declaration in the first instance stated a good cause of action. If appellant had filed the general issues alone, the only burden on appellee would have been to prove the allegations of his declaration. If he proved the allegations of his declaration he would have been entitled to a recovery. The appellant filed a special plea which raised the question that both appellant and employer of appellee were under the Compensation Act, and therefore the Federal Employer's Compensation Act did not apply.

We think the burden was upon appellant to prove the allegations of the special plea, and it did not do so. There are some other errors assigned, and we have investigated them and are of the opinion there is no merit in them.

For the reasons as above indicated, the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*