12241

SNIPES v. DAVIS, DIRECTOR GENERAL OF RAILROADS,
*ET AL.*

(141 S. E., 561)

RAILROADS—WHERE VERDICT WAS FOR RAILROAD IN ACTION FOR DAMAGES
FOR DEATH, ALLEGED TO HAVE RESULTED FROM RAILROAD'S NEGLIGENT
OPERATION, REFUSAL TO SUBMIT PUNITIVE DAMAGES TO JURY HELD
PROPER.—In action for damages for death of plaintiff's intestate,
alleged to have resulted from willfulness and negligence of railroad
in allowing view to be obstructed and in running train up to depot
without sounding bell or whistle, or giving other warning signal,
and running train at high and dangerous rate of speed, and verdict
was for defendant, refusal to submit punitive damages to the jury
*held* proper.

Before DENNIS, J., Dillon, July, 1925.   Affirmed.

Action by Mamie Snipes, as administratrix, against Davis,
Director General of Railroads, and the Seaboard Air Line
Railway Company.  Judgment for defendants, and plaintiff
appeals.

*Messrs. T. I. Rogers* and *Claussen Williams,* for appel-
lant, cite:  *Error for Judge to charge that there was no
evidence of wantonness or willfulness in the case:* 82 S. C.,
331; 106 S. C., 369; Id., 129; 52 S. C., 325; 58 S. C., 74;
99 S. C., 296; 122 S. C., 95; 134 S. E., 285.

*Messrs. Geo. E. Dargan* and *Gibson & Muller,* for re-
spondents, cite:  *Willfulness:* 127 S. E., 452.  *Cases dis-
tinguished:* 106 S. C., 369; Id., 129; 52 S. C., 323; 58 S. C.,
74; 99 S. C., 296; 82 S. C., 331.  *Contributory negligence:*
114 S. E., 503.  *Negligence on part of defendant:* 33 Cyc.,
934; 90 Ill. App., 653; 64 N. E., 130; 100 S. C., 181;
114 S. C., 517.

July 20, 1927.

The opinion of the Court was delivered by MR. ACTING
ASSOCIATE JUSTICE R. O. PURDY.

This is an action for the recovery of damages for the
death of C. E. Snipes, the plaintiff's intestate, by the al-

leged wrongful act of the Seaboard Air Line Railroad at Clio, in Marlboro County.

It is alleged that the deceased was killed by the willfulfulness and negligence of the defendant, operating the said railroad, and the acts of negligence alleged are:

"Allowing the view to be obstructed by bushes and trees, and in running said train up to said depot without sounding bell or whistle or giving other warning signal of its approach," and also "in running the train at a high and dangerous rate of speed."

The defendant denied liability and pleaded negligence and contributory negligence and gross contributory recklessness on the part of the deceased. This is the second appeal to this Court. The former appeal will be found at 131 S. C., page 298; 127 S. E., 447, and the complaint is there set out in full.

At the conclusion of the testimony, a motion was made for a directed verdict, which was refused. The jury found a verdict for the defendant. A motion for a new trial was made, and this motion was refused. In refusing the motion for a new trial, his Honor, Judge Dennis, said in part:

"According to my understanding of the case of *Goodwin v. Railroad,* 82 S. C., 321 [64 S. E., 242], where there is evidence that the railroad did not give the crossing signals, as required by law, that is a circumstance to be considered by the jury as to whether there was a willful disregard of the law; that is, a conscious failure to do what the law required. I do not think that our Courts have held that such is sufficient to support a verdict for punitive damages. While there was testimony of witnesses to the effect that they did not hear any signals, I do not consider that there was sufficient evidence to warrant a jury in finding willfulness or gross carelessness or wantonness on the part of the defendant, and, therefore, I did not submit that question to the jury."

The plaintiff has appealed on twelve exceptions, but has grouped them in eight divisions, each in the form of an interrogatory. Divisions 1 and 2 raise the issue whether the presiding Judge erred in charging that there was no willfulness or wantonness in the case, and in refusing to charge that, if the jury believed there was a failure to give the signals required by statute for public crossings at a crossing near the place of the injury, then such evidence was competent to support the allegations of reckless negligence.

In respondent's argument it is conceded that this request contained a correct abstract proposition of law, but claims that the appellant is seeking to make an erroneous application of it. As shown, his Honor, in refusing to grant the motion for a new trial, recognized this as a correct proposition of law, but held that the Courts have not held that such is sufficient to support a verdict for punitive damages.

There is a sharp issue between the plaintiff and the defendant as to the giving of signals. True, the testimony offered in behalf of the plaintiff was largely negative in its character, like this:

"Q. Did you hear any signals given by the train at all, as they approached the crossing? A. No, sir."

Again:

"Q. Did it blow any whistle? A. I did not hear any."

"Q. Blow any bell? A. I did not hear any."

These questions were asked a number of the witnesses for the plaintiff, with similar replies; but at least two of the witnesses for the plaintiff testified positively that no signals were given—one of them:

"Q. Did the train blow any signals as it came in? A. No, sir.

"Q. Did it ring any bell? A. No, sir.

"Q. Did it give any signal whatever? A. None whatever."

Another witness:

"Q. Did it ring the bell?   A. No, sir.

"Q. As the train came in, did it blow the whistle?   A. I never heard it, if it did.

"Q. Could you have heard it if it had blown the whistle or rung the bell?   A. Yes, sir."

On the other hand, a number of witnesses on behalf of the defendant testified positively that the whistle was blown and the bell was rung.   In these circumstances, an issue of fact was raised for the jury, and should have been submitted to the jury for determination.   That evidence of this character can be offered as tending to show willfulness on the part of the railroad company, although the injury did not occur at a crossing, as stated, is conceded by counsel for respondent, as well as by his Honor who tried the case, and is amply supported by authorities.   Such being the case, it is needless to refer to authorities at length.   See, however, *Goodwin v. Railroad Co.,* 82 S. C., 331; 64 S. E., 242.   *Mason v. Railroad Co.,* 58 S. C., 70; 36 S. E., 440; 53 L. R. A., 913; 79 Am. St. Rep., 826.   *Moseley v. Railroad Co.,* 106 S. C., 369; 91 S. E., 380.

The jury, however, having found that the plaintiff was not entitled to compensatory damages, a failure to submit the question of punitive damages is harmless error.

The third division of the exceptions imputes error to his Honor in refusing to charge:

"I charge you that, if you find that the defendant was guilty of willfulness or reckless negligence, then, even if you should find that plaintiff's intestate was guilty of ordinary contributory negligence, it would not defeat plaintiff's recovery; ordinary contributory negligence not being a defense to willfulness or reckless negligence."

His Honor said:

"I do not charge the second and the third requests of the plaintiff, as I do not think there is any evidence of wantonness or willfulness in the case."

This request contained a correct proposition of law, and should have been charged, but, as before stated, inasmuch as the jury failed to find compensatory damages, the error was harmless.

The fourth division alleges error in charging as follows:

"The Director General of Railroads has no right to remove buildings, trees, or other objects on lands of others over which he has no control, and, therefore, is not guilty of negligence in failing to do so, even though such objects obstruct the view of approaching trains. If they render a place more dangerous, then persons using that place must use greater care before crossing the track. The greater the danger, the greater the care required."

Evidence was introduced to show that the obstructions in question existed, but they were not on the right of way. Had they been on the right of way, a different situation would have arisen. But bushes, trees, and other obstructions not on the right of way are not under the control of the railroad and it is not chargeable with negligence for failing to remove them. *St. Louis, etc., R. Co. v. Rawley,* 90 Ill. App., 653; *New York, etc., R. Company v. Kistler,* 66 Ohio St., 326; 64 N. E., 130.

The fifth division of the exceptions alleges error in his Honor's charge as follows:

"It would be no excuse to say that Mr. Snipes did not see what he must have seen had he looked, or that he did not hear what he must have heard had he listened."

Taken by itself, this would be a charge on the facts and reversible error, but it must be construed with the remainder of the request to charge. This request to charge, in its entirety, is as follows:

"Even if you believe that the Director General of Railroads, or his employees, were negligent, and that such negligence contributed to Mr. Snipes' injury, nevertheless, if, at the time of the injury, conditions at the place of accident were such that he could have seen the approaching train if he had looked, or could have heard it if he had listened, and if he neglected to do either before crossing the track and if his negligence contributed to his injury as a proximate cause, without which it would not have occurred, then the Director General of Railroads is not liable, and your verdict must be for the defendant.   It would be no excuse to say that Mr. Snipes did not see what he must have seen had he looked, or that he did not hear what he must have heard had he listened."

It will thus be seen that this charge must be taken in connection with the language complained of: "If at the time of the injury, conditions at the place of accident were such that he could have seen the approaching train if he had looked, or could have heard it if he had listened," then, we add, "it would be no excuse to say that Mr. Snipes did not see what he must have seen, had he looked, or that he did not hear what he must have heard had he listened."

One must look or listen before attempting to cross a railroad track.   The case of *Chisolm v. Railroad,* 121 S. C., 394; 114 S. E., 500, holds:

"Ordinary prudence requires every person who is in the full enjoyment of his faculties of hearing and seeing, before attempting a dangerous act or operation, to exercise them for the purpose of discovering and avoiding peril."

This is equivalent to saying that the senses of hearing and seeing must be exercised, and involves the idea of listening and looking.   This exception does not object to all of his Honor's charge in this respect, but only to the language quoted, and, again, his Honor had just previously charged the jury:

"A person who fails to observe reasonable care for his own safety by looking or listening for approaching trains when about to cross a railroad track is guilty of negligence, because a railroad track is a warning of danger and no one has a license to walk into a place of known danger without regard for his own safety. If he does so and consequently is injured, he has no right to complain, and has no cause of action."

To this charge, no exception is taken, and it is practically the same as the charge complained of—the one as applied to contributory negligence; the other as applied to negligence. Applying the rule in the *Chisolm case,* there was no error in his Honor granting this request to charge.

The sixth and seventh divisions impute error to his Honor in making the following charge as to giving signals, after reading the statute (Civ. Code 1922, § 4903), and as being a charge on the facts:

"Now, you heard me read that. It does not mean that they must keep the whistle blowing and the bell ringing, but they must have that signal, one or the other given, and of course the failure to do so is negligence. Take into consideration, as I told you before, you are not concerned with negligence where it did not cause the injury."

The language of the statute had been read to the jury, and this language was used in connection with it, and the jury could not have failed to understand that either the whistle must be sounded or the bell kept ringing in accordance with the terms of the statute, which was continuously.

Reminding the jury that they were not concerned with negligence where it did not cause the injury was not a charge on the facts. It was no more than telling the jury that any acts of negligence shown, which did not cause the injury, need not be considered. This is a most com-

mon charge to be given in almost every case in which an action of this kind is prosecuted.

By the eighth division, error is charged, in that his Honor substituted the care and duty required of a railroad at a crossing for such care as a person of ordinary reason and prudence would exercise in the same circumstances, when the injury complained of occurred near a crossing. The law requires such notice as is timely, taken into consideration with the circumstances, time, and place—the exercise of such care as a person of ordinary prudence would exercise in the circumstances. This is what his Honor charged the jury. It is different from the care required at a crossing, because there, in addition to the common-law duty, the statute requires certain signals to be given.

In cases of this kind, however, as has been shown, a failure to give such signals on approaching a crossing may be construed as evidence of willfulness on the part of the railroad company in the discharge of its duty towards the public.

Taking the charge as a whole, the issues were fairly submitted to the jury, and, the jury having solved all issues against the plaintiff, all of the exceptions are overruled, and the judgment is affirmed.

MR. JUSTICE COTHRAN concurs.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE and STABLER concur in result.