PATTON, Adm'r, v. RAILWAY COMPANY.

(*Knoxville.* November 5, 1890.)

1. NEGLIGENCE. *Not proximate cause, when.*

Negligence of railway company that causes separation of the cars of a moving train is not the proximate cause of an injury sustained by a person who subsequently came upon the track in front of, and was struck by, the detached cars, which were moving by impetus and gravitation.

2. RAILWAY COMPANY. *Statutory precautions not applicable to detached cars.*

The statute requiring "the engineer, fireman, or some other person upon the locomotive" of a moving train to be constantly on the lookout "ahead" has no application to the movement by impetus or gravitation of cars detached from the locomotive.

Code construed: §1298, Subsection 5 (M. & V.); §1166, Subsection 5 (T. & S.).

3. SAME. *Common law liability. Contributory negligence.*

But upon common law principles a railway company may be held for injury done by detached cars moving upon its track by impetus or gravitation, where it fails in its duty to keep a proper lookout for persons upon the track in front of the cars, or to use all possible means to prevent accident upon discovery of the person.   The statute is but a declaration of common law principles.   The distinction between cases under the statute and at common law is that contributory negligence may defeat recovery altogether in the latter, but can only mitigate damages in the former.

Cases cited and approved: Railroad v. Fain, 12 Lea, 41; Railroad v. Pratt, 85 Tenn., 13; Railroad v. Foster, 88 Tenn., 672.

4. SAME. *Same. . Essential averments in pleadings.*

Where separation of railway train was accidental, a plaintiff seeking to hold the company for injury done by the detached cars, upon the ground that proper lookout for persons upon the track was not kept, must aver that servants of the company were left upon the detached cars, and had had time before the accident to assume proper position

Patton, Adm'r, *v.* Railway Company.

for observation. The averments in this case are sufficient upon this point.

5. SAME. *Party injured on track treated as trespasser, when. Demurrer.*

Upon demurrer to declaration in suit against railway company for injuries sustained, by the plaintiff by collision with a train or cars upon the company's track, he will, in the absence of averment to the contrary, be treated as a trespasser.

6. SAME. *Trespasser's rights.*

The mere fact that a person was a trespasser upon the track of a railway company at the time he was injured by its negligence, does not necessarily constitute a bar to his recovery for the injury. The fact, however, constitutes contributory negligence to be considered by the jury.

Case cited and approved: Railroad *v.* Fain, 12 Lea, 41.

7. SAME. *Trespasser's duty to look and listen.*

It is the duty of a person about to go upon a railway track to look and listen for trains, and to continue to do so while he remains upon the track. The neglect to perform this duty constitutes contributory negligence that may defeat an action by such person for injuries received while upon the track from other negligence than failure of the company to observe the required statutory precautions.

Case cited and approved: 95 U. S., 697.

8. SAME. *Same. Excuse for failure to perform duty.*

The failure of a trespasser upon a railway track to look and listen for trains may be so far excused as to prevent an absolute bar of his suit— but not to exonerate him from contributory negligence, to be considered in mitigation of damages—when he was unexpectedly struck and injured by detached cars moving by impetus and gravitation just in rear of the regular train to which he had surrendered the track and then resumed his journey, and when it appears that he was crossing a bridge, and probably could not have heard the approach of the cars on account of the noise of an adjacent water-fall.

---

FROM WASHINGTON.

---

Appeal in error from Circuit Court of Washington County. A. J. BROWN, J.

DEADERICK & EPPS and NEWTON HACKER for Patton.

W. M. BAXTER and KIRKPATRICK & WILLIAMS for Railway Company.

LURTON, J.   John C. Tipton was killed by collision with a train operated by defendant in error, while walking upon the track.   His administrator brought this suit to recover damages for the negligent killing of his intestate.   A demurrer was filed to the declaration, and, upon argument, was sustained, and the suit dismissed.

The first count of the declaration, in substance, alleges that the intestate was walking upon the track about one mile west of Telford's Station; that he was overtaken by a train of freight-cars going west, and stepped aside until the train passed, when he returned to the track, and resumed his journey in rear of the train just passed; that while passing over a bridge and water-fall, and unconscious of the approach of another train, he was overtaken and killed by some detached freight-cars which belonged to the train just passed; that the freight-train, while going down grade, had broken in two, and that the rear portion was following the front section by force of gravity at a distance of about two hundred yards; that though there were upon this detached portion servants and employes of the company, there was no one upon the lookout ahead to give warning of the approach of these cars, or to make

an effort to stop them by putting down the brakes. It charges that intestate was in a position where he could have been seen if there had been any one upon the front end of the detached cars, and that it was negligence not to have some one in such position that a person on the track could have been seen and warned of his danger or the train stopped.

A second count charges that the breaking of the train into two parts was the result of defective machinery and unskillful servants.

The demurrer to the second count was properly sustained. The connection between this accident and the negligence by which this train became broken into two parts is too remote. Such negligence, upon the facts stated, was not the proximate cause of this injury. As observed by counsel for the railway company, "a proximate cause is indicated by a probable result, and not a result extraordinary or which could not have been expected or anticipated."

Does the first count state such a case as entitles plaintiff to go to a jury?

We agree with the learned Circuit Judge in holding that the statutory precautions prescribed by Section 1166, Subsection 5, of the Code do not apply to the movement of detached cars such as those causing this death. The case provided for by the statute is that of a train pulled by a locomotive, and the precautions are those required to be observed by those servants upon the engine,

and have regard to obstacles on the track in front of or ahead of the engine.

The person required by the Code to be on the lookout is "the engineer, fireman, or some other person upon the locomotive." He is to be on the lookout "ahead"—that is, in the direction in which the engine is moving. The precautions to be observed when any person or obstruction appears on the track are chiefly such as can only be found upon the engine.

It does not at all follow that because the statutory precautions do not apply to the movements of cars detached as these, that therefore the railway company was under no responsibility to take care that in the movement of such cars it did no injury to persons upon its track. The principles of the common law govern in cases not within the purview of the statute.

The first question, then, to be considered is as to the duty of the railway company with reference to the movement of trains or cars having no locomotive in front to warn persons upon its track. Obviously, if a person is *seen* upon the track, and so near as to be apparently in danger, the duty of the company, irrespective of the statute, would be to do all that was possible to prevent an accident, by giving an alarm and stopping the train. And so this Court has frequently said that the common law is only re-enacted by our statute with reference to the duty of the company when a person or obstruction is *seen* on the track. *Knowl-*

*edge* of the danger imposes the duty to do all that is possible to stop the train and prevent the accident. *Railroad* v. *Humphreys*, 12 Lea, 200; *Horne* v. *Railroad*, 1 Cold., 76; *Railroad* v. *Pratt*, 85 Tenn., 13.

This much is clear. But it is argued that the declaration does not allege that the intestate was *seen* on the track, and that at the common law the duty to do all that is possible to prevent an accident only arises with reference to a trespasser upon the track when such person is *seen* to be on the track and in danger. Upon this point the declaration charges "that while defendant's servants were upon said detached portion of said train, there was no one on the lookout ahead on the front portion thereof to give plaintiff's intestate warning of its approach, and defendant's employes on said train could have seen the plaintiff's intestate, and ought to have seen him, upon its track." While this is somewhat vague, yet we understand it in substance to charge that there were servants upon these cut-off cars who could have seen plaintiff if they had been on the lookout. When a train is thus broken in two by accident, it ought to appear that, after the breaking of the train, there were servants upon the detached part, and that there was time sufficient for such servants, before the happening of the accident, to have taken such place and position on the front of the detached part, so that the track could be watched ahead. The allegation of the declaration that there

were servants upon these cars · clearly meets the first requisition, and the further allegation that these servants "could have seen the plaintiff's intestate, and ought to have seen him," implies that they 'were at the time of the accident in such place as to have been able to keep watch over the track.

It is not charged that the deceased was upon the road at a public crossing, nor upon a part of the road commonly used by the public as a walkway, and therefore presumably by license. He must, therefore, be regarded as a trespasser. But it does not follow that this fact will preclude him from an action. "The mere fact that a party is a trespasser," says Judge Cooper in *Railroad* v. *Fain,* "will not prevent him from recovering for injuries negligently inflicted by another which might have been averted by ordinary and proper prudence on the part of the latter. And, therefore, although a person be injured while unlawfully on the track of a railroad, or while contributing to the injury by his own carelessness or negligence, yet, if the injury might have been avoided by the use of ordinary care and caution by the railroad company, the company will be liable for damages." 12 Lea, 41.

A railway company in the operation of its trains owes a duty even to, trespassers without regard to our statute. "The rule is," says Mr. Wood, after a consideration of this subject in the light of the decisions, "that a railway company is bound to

keep a reasonable lookout for trespassers upon its track, and is bound to exercise such care as the circumstances require to prevent injury." 2 Wood's Railway Law, 1267.

Where cars are being moved by gravitation, and therefore with comparatively little noise, we think the duty quite clear that a railway company should have some one on the lookout for the purpose of warning persons on the track. A decent regard for the sanctity of human life would seem to require that a reasonable watch should be kept over a track upon which a train is moving, and that a person upon the track, and near enough to be apparently in danger, should be warned of the approach of a train. If the usual warning is ineffective to arouse to a consciousness of danger, then the failure to use every possible means to stop the train would be inexcusable negligence. The more populous the neighborhood in which a train is moving, the greater the necessity for vigilance in observing the track. At crossings and points where, by license, express or implied, the track is used as a walk-way, the more imperative the duty. But the duty is not altogether relaxed by the fact that this injury probably occurred at a point where the public had no rights. We think, upon the facts stated in this case, that it was negligence, when this train parted, not to have had some one in position to observe the track and warn persons on it of its approach. The duty of keeping a lookout we do not under-

stand to rest alone upon our statute. This provision is, under our decisions, but a re-enactment of the rule at common law. *Railroad* v. *Fain,* 12 Lea, 41; *Railroad* v. *Pratt,* 85 Tenn., 13.

In the latter case Judge Snodgrass, in delivering the opinion of the Court, said in considering the requirements of the Code concerning the avoidance of accidents: "This section imposes no duty on the railroad companies that would not have existed at common law. The duty to keep some one on the lookout, sound the alarm whistle when any person, animal, or other obstruction appears on their road, then put down brakes and use every possible means employed for such purpose to stop the train and prevent an accident—is but, in other words, the duty to watch the road, warn any one who appears on it to get off by such noise or alarm as will most effectually do this," etc.

We have next to consider whether the deceased was guilty of such contributory negligence as should bar a recovery. That it is negligence to go upon a railroad track without taking the precaution to look and listen is well established. *Railroad Company* v. *Houston,* 95 U. S., 697.

He is, as a prudent man, bound to look and listen, and take such measures as common prudence suggests, in view of the danger and consequences of a neglect to do so. "This is a rule of law," says Mr. Wood, "and it is only in exceptional cases that the question as to whether his neglect to take such precaution is excusable, is

for the jury." 2 Wood's Railway Law, 1304, 1305. The authorities to this effect are numerous, and are collected in the work cited.

It is not charged in this declaration that the intestate did look or listen before going on the track and resuming his journey, and this is one ground of demurrer. Ordinarily this would be fatal in a case not coming within the letter of our statute, which allows damages upon failure of the railway company to observe the precautions therein prescribed, regardless of the negligence of the party injured, such negligence going only in mitigation of damages. *Railroad* v. *Foster*, 4 Pickle, 672, where all our cases are reviewed.

The case stated in the declaration makes an exceptional case, and one which should go to a jury. The deceased stepped off to permit the approaching train to pass him. When it had passed, it was not unreasonable to suppose it had all passed. The duty to look and listen when going upon a railway track is a continuing duty so long as one continues upon it, using it as a walk-way. The duty of a person so situated to continue to look out for himself, in view of the consequences likely to result from inattention, are not less imperative than the duty of the employes operating a train to look out for him. The statute not being applicable, the negligence of each may appear equal, and, in that case, there can be no recovery. The peculiar circumstances under which this intestate went upon the track, and the fact stated to account

for his failure to observe this train—that he was crossing a bridge, under which there was a water-fall, the noise of which probably prevented his hearing—alone prevents the negligence of the de-deceased from barring any recovery whatever.

The fact that the deceased went on the track without looking or listening, and that he continued upon it unconscious of danger until overtaken and run down, is negligence which cannot be over-looked, and, for this negligence, he cannot be en-tirely exonerated; and this must be allowed in mitigation of damages, even if the jury shall think that his negligence, under the peculiar facts of this case, was not the more immediate cause of the accident.

The demurrer must be sustained as to the second count and overruled as to the first. The case will be remanded for further pleading.