## A. R. Rich, Administrator, Defendant in Error, v. Blueford Wilson and William Cotter, Receivers, Plaintiffs in Error.

### (Not to be reported in full.)

Error to the Circuit Court of Jersey county; the Hon. NORMAN L. JONES, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed April 16, 1917.

### Statement of the Case.

Action by A. R. Rich, administrator of the estate of Rizpah Hudson Rich, deceased, plaintiff, against Blueford Wilson and William Cotter, receivers of the Chicago, Peoria & St. Louis Railroad Company, defendants, to recover pecuniary damages for the benefit of the next of kin because of the death of a little girl four years old, caused by a collision between defendants' train and an automobile in which the decedent was riding driven by her mother. From a judgment for plaintiff for $5,000, defendants bring error.

H. L. CHILD, for plaintiffs in error; P. B. WARREN, of counsel.

W. J. CHAPMAN and D. J. SULLIVAN, for defendant in error.

MR. JUSTICE GRAVES delivered the opinion of the court.

### Abstract of the Decision.

1. RAILROADS, § 775*—*when instruction as to giving of warning signals by train approaching crossing is erroneous.* In an action to recover damages for death due to a collision between an automobile in which the decedent was riding and a railroad train, an instruc-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tion that the law required the defendant railroad to have a bell ringing continuously or a whistle sounding continuously on the engine of a train for eighty rods immediately before reaching a public crossing, *held* to be erroneous, as the railroad company had the option of sounding the bell part of the time and the whistle part of the time or of sounding the bell or the whistle all of the time, but was not required to sound either all of the time.

2. DEATH, § 73*—*when instruction on erroneous.* In an action to recover damages for death due to a collision between an automobile in which decedent was riding and a railroad train, *held* that an instruction that the jury "should fix such damages at such amount as they may believe from the preponderance of the evidence will justly and fairly compensate the next of kin" was erroneous.

3. DEATH, § 67*—*when verdict for death of child excessive.* In an action to recover damages for the death of a four-year-old child for the benefit of the next of kin, where there was no evidence of whether the child was well and strong or sickly and weak, or whether it was bright or foolish, or whether its characteristics were such as would likely render it a burden or a benefit to the next of kin, a verdict of $5,000 damages *held* to be excessive.