KRAMER, Respondent, vs. CHICAGO & MILWAUKEE ELEC-
TRIC RAILWAY COMPANY, Appellant.

*May 6—June 1, 1920.*

*Automobiles: Collision with street car: Contributory negligence:
Violation of statute: Proximate cause: Trial: Instruction as
to negligence.*

1. In an action for injuries received in a collision between an automobile and defendant's street car, where the defense was that plaintiff violated city ordinances as to carrying lights and the manner of turning in the streets, etc., the court

erred in not charging the jury, in connection with the special issue as to contributory negligence, that a violation of such ordinances was negligence as a matter of law.

2. A violation of a city ordinance regulating the use of automobiles does not prevent recovery in case of accident, unless such violation, which is negligence as a matter of law, proximately contributed to the injury.

3. It was error for the court not to submit to the jury the issue as to whether or not there was a light on the automobile, as required by the ordinance, although defendant's motorman testified that he saw the automobile when a considerable distance away, where the jury negatived such testimony by a finding that he did not keep a proper lookout.

APPEAL from a judgment of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Reversed.*

The plaintiff operated a garage and automobile repair shop on the west side of First avenue between South Pierce and Park streets in the city of Milwaukee. On the evening of January 30, 1917, he had just finished repairs upon a Ford automobile belonging to one Aidich. At the request of Aidich plaintiff started to take the repaired automobile out of the garage and run it to the east side of the street so that the owner might proceed with it from there. Aidich opened the garage door and the plaintiff backed the automobile out of the garage, crossed the sidewalk and on to First avenue.

There is dispute in the testimony as to just what was then done from this point, but he did reach the more easterly or north-bound tracks of the double track maintained by the defendant street car company in First avenue. He was struck by a street car approaching from the south while he was on such north-bound track and while he was either proceeding to the north from the point where he entered upon such track, according to his evidence, or was backing south from such point, according to defendant's evidence.

In the complaint in the civil court, where the case was tried by a jury, plaintiff alleged several grounds of negligence.

By way of special defense the defendant alleged certain ordinances of the city of Milwaukee substantially as follows:

Sec. 1216, that the driver of a vehicle, when starting, shall first see that there is sufficient space free from other vehicles so that the proposed start or turn may be safely made.

Sec. 1219, providing that a vehicle passing from one side of the street to the other shall do so in a certain uniform curve, illustrated by a diagram, so as to bring the vehicle to the opposite side of the street and facing in the opposite direction from that in which it was originally traveling.

Sec. 1221, that no vehicle shall stop with its left side to the curb.

Sec. 1227, requiring a signal to be given to those behind when slowing up or stopping.

Sec. 1231, that street cars shall have the right of way along such street-car tracks between cross streets over all vehicles moving in the same direction, and the driver of any vehicle proceeding upon the track in front of the street car shall turn out as soon as possible upon signal.

Sec. 1234, that no person driving a vehicle on any street shall drive at a speed greater than reasonable or proper.

Sec. 1242, requiring that vehicles on the highway, whether stationary or not, shall keep lights so displayed as to be visible from the rear and front of such vehicle during the time specified therein.

Sec. 1257, providing penalties for punishment by fine for the first violation of any such ordinances and by imprisonment for a second.

Defendant then asserted a violation by the said plaintiff at the time of the injury of such prohibitory ordinances respectively.

Before the submission of the special verdict the defendant requested that there should be submitted questions em-

bracing the issues as to whether or not there had been violations by plaintiff of the provisions of said secs. 1216, 1219, 1231, and 1242, above cited, and, in case such failure should be found by the jury, whether any such failure was a proximate cause of the collision.

The special verdict as submitted and answered by the jury was as follows:

(1) The motorman of the street car failed to keep a proper lookout as he approached the point of collision.

(2) There was a want of ordinary care by the motorman in so failing to keep a proper lookout.

(3) Such want of ordinary care was the proximate cause of the injury.

(4) The street car approached the point of collision at an unreasonable and dangerous rate of speed.

(5) Such rate of speed was the proximate cause of the injury.

(6) The street car was traveling at the rate of eighteen miles per hour immediately before application of the brakes.

(7) No want of ordinary care by plaintiff proximately contributed to his injury.

(8) Plaintiff's damages assessed at $475.

The usual motions being made after verdict, the trial court denied those of defendant and granted judgment for the plaintiff for the amount of the verdict, with costs and disbursements, and from the judgment entered in accordance therewith in the civil court the defendant appealed to the circuit court.

Upon hearing had there, the judgment of the civil court was affirmed, and from a judgment in accordance with such decision the defendant has appealed.

For the appellant there was a brief by *Edgar L. Wood*, attorney, and *A. L. Gardner*, of counsel, both of Milwaukee, and oral argument by *Mr. Wood*.

For the respondent there was a brief by *Glicksman, Gold & Corrigan*, and oral argument by *Arthur J. Pellette*, all of Milwaukee.

ESCHWEILER, J.   In charging the jury upon the seventh question, as to whether plaintiff was guilty of any want of ordinary care proximately contributing to his injury, the trial court recited the substance of all but one of the city ordinances above quoted, but did not inform them that under the law of this state any violation of such provisions was to be considered as negligence as a matter of law. Neither did the court submit to the jury, as requested by defendant, any separate questions involving the issues as to whether or not there had been such violations by plaintiff of the respective ordinances.   Whether separate questions involving such rules of the road should be submitted in a special verdict need not here be determined.   But whether so submitted or when embraced in the more general questions involving the negligence of any party to such a lawsuit, the jury should be charged in connection therewith that a violation of such a rule is negligence as a matter of law. It is then for the court or jury to determine if such negligence proximately contributed to the injury.   *Steinkrause v. Eckstein*, 170 Wis. 487, 175 N. W. 988.   This was not done in the instant case, and upon the record we deem it prejudicial error.

The motorman testified that, while the street car was a considerable distance away, he saw the automobile as it was backing out of the garage and crossing the sidewalk.   The jury, however, found by their answer to the first question of the special verdict that the motorman failed to keep a proper lookout.   The trial court omitted in his charge to the jury any reference to the ordinance sec. 1242, *supra*, pleaded by defendant, which requires the having of a light visible on both the front and rear end of an automobile at the hour of the evening involved.   It seems to have been considered that the submission of any question or the giving of an instruction concerning or with reference to the alleged violation of that particular ordinance was rendered unnecessary in view of such testimony of the motorman,

under the view that there would be no need of any notice being given by the use of such light, he having already discovered the presence of the automobile independently of any such light. The jury, however, negatived the keeping of a proper lookout by the motorman. This, inferentially at least, amounts to a finding that the motorman did not see the automobile any appreciable time before the collision, and thus in effect discredits his testimony that he did so see it.

In such a situation defendant was entitled to have the determination of the jury upon the material and disputed issue of fact as to whether or not there was such a light. *Yahnke v. Lange,* 168 Wis. 512, 170 N. W. 722.

It follows that the judgment of the circuit court must be reversed and a new trial granted.

*By the Court.*—Judgment reversed, and the cause remanded with directions to grant a new trial in the circuit court.