13742. GEORGIA RAILROAD & BANKING CO. *v.* RALSTON.

BELL, J. 1. In an action for damages against a railroad company for the destruction of a truck by the negligent running of the company's cars the defendant is not entitled, under the law, to defend upon the ground that the truck was then or at any other time used by the owner, or by any other person with his consent, for the purpose of conveying and transporting intoxicating liquors in violation of the law, even where the evidence would authorize the inference of such use. The property of another cannot be condemned for such use except by the State and for its benefit, after a trial and legal judgment, under and according to the provisions of the act of the General Assembly approved

March 28, 1917 (Act Ex. Sess. 1917, pp. 7, 16, sec. 20). The failure of the court, therefore, to give the defendant the benefit of such a defense in the court's instructions to the jury was not error. See *Central of Georgia Ry. Co. v. Moore,* 24 *Ga. App.* 716 (102 S. E. 168).

2. This was an action by the owner of a truck for the alleged negligent destruction of the truck by the defendant railway company. The plaintiff recovered and the defendant excepted to the overruling of its motion for a new trial. Another action was brought by a different plaintiff for the killing of the driver of the truck in the same transaction. A verdict was returned for the plaintiff in that case also. The latter verdict has been this day affirmed by the decision of this court. *Georgia R. &c. Co. v. Wallis,* ante, 706. Our decision in the *Wallis* case is controlling upon all questions raised in the instant case except that which is referred to in the preceding paragraph. Accordingly, the judgment overruling the defendant's motion for a new trial in this case is also

*Affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 21, 1923.

Action for damages; from Greene superior court — Judge Park. May 25, 1922.

*F. B. Shipp, Miles W. Lewis,* for plaintiff in error.

*Reuben & Lowry Arnold, Howard Thompson, Noel P. Park,* contra.