TENNESSEE CENT. RY. CO. *v.* W. S. PAGE.*

(*Nashville.* December Term, 1925.)

1. **EVIDENCE.** Testimony of witnesses in position to hear, that they did not hear whistle or bell as train approached station, held competent to show violation of statute (Shannon's Code, section 1574, subd. 3).

Testimony of witnesses who stated they were in position to hear and observe, and that they did not hear whistle or bell as train approached station, *held* not negative evidence, but competent to prove that Shannon's Code, section 1574, subd. 3, requiring railroad to give warnings, was not observed. (*Post, pp.* 89, 90.)

Acts cited and construed: Acts 1917, ch. 36.

Cases cited and approved: Railroad v. Ray, 124 Tenn., 16; Railroad v. Abbott, 5 Tenn. Civ. App., 22.

Codes cited and construed: Sec. 1574, subsec. 3(S.).

(84)

Tennessee Cent. Ry. Co. v. Page.

2. **RAILROADS.** Statute requiring warning looks to safety of persons on track and passengers on train (Shannon's Code, section 1574, subd. 3).

Shannon's Code, section 1574, subd. 3, relating to duty of railroad to give warning, looks to safety of persons and animals on tracks and security of passengers on the train. (*Post, pp.* 90, 91.)

3. **RAILROADS.** Statute requiring full stop intended to prevent collision of railroad trains and automobiles at crossings (Acts 1917, chapter 36).

Acts 1917, chapter 36, requiring drivers to bring their car to a full stop before driving on tracks, was intended to prevent collision of railroad trains and automobiles at grade crossings and to protect those riding on trains and in automobiles. (*Post, pp.* 90, 91.)

Cases cited and approved: Railroad v. Gardner, 69 Tenn., 691; Carter v. Redmond, 142 Tenn., 263; Railroad v. Satterwhite, 112 Tenn., 185; Railway v. Whitlock, 136 Tenn., 266; Railroad v. Parks, 136 Tenn., 367; Hurt v. Railroad, 140 Tenn., 623; Railroad v. Dies, 98 Tenn., 663; Patton v. Railroad, 89 Tenn., 370.

4. **NEGLIGENCE.** Violation of statute is actionable negligence.

Generally, violation of a rule of common law, statute, municipal ordinance, or any failure to perform duty imposed for public safety, is actionable negligence, and whoever suffers in consequence of violation or nonperformance of a law may maintain an action against offender for injuries sustained. (*Post, p.* 91.)

Case cited and approved: Adams v. Inn. Co., 117 Tenn., 470.

5. **NEGLIGENCE.** Plaintiff's breach of statute or common law may be pleaded as bar, if proximate cause of injury.

Breach of common law, statute, ordinance, or failure to perform duty imposed for public safety may be pleaded as a bar to a suit founded on defendant's negligence, if such breach was proximate cause of plaintiff's injury. (*Post, p.* 91.)

Code cited and construed: Sec. 1574 (S.).

6. **NEGLIGENCE.** Violation of penal statute intended for public safety precludes recovery for injuries caused thereby.

Violation of a penal statute intended for public safety is negligence *per se*, and generally, if causing injuries on which action is grounded, plaintiff will be denied a recovery. (*Post*, pp. 91-93.)

7. **NEGLIGENCE.** Violation of statute in itself will not bar recovery, if plaintiff acted as reasonably prudent man.

Causal connection between violation of penal statute and accident and conduct of both parties is looked to to determine liability, and if plaintiff's negligence is imputed solely from such violation, and he exercised his intelligence and senses and acted as a reasonably prudent man to avoid injury, such violation without more will not bar recovery for injury flowing from wrongful act of defendant. (*Post*, pp. 91-93.)

Cases cited and approved: Kramer v. Chicago & M. Elec. Railway, 171 Wis., 627; Latham v. Railroad Co., 179 Ill. App., 329; Rich v. Wilson, 205 Ill. App., 38; Georgia Railroad Co. v. Ralston, 116 S. E., 891; Hines v. Partridge, 144 Tenn., 236.

Code cited and construed: Sec. 1574(S.).

8. **RAILROADS.** Penal statute requiring automobile driver to stop does not release railroads from statutory duty to give warnings (Acts 1917, chapter 36; Shannon's Code, section 1574).

Acts 1917, chapter 36, denouncing as misdemeanor act of one driving an automobile over railroad crossing without first stopping, does not release railroads from duty imposed by Shannon's Code, section 1574, to give warnings. (*Post*, pp. 93, 94.)

Case cited and approved: Railroad Co. v. Smith, 77 Tenn., 470.

Cases cited and distinguished: Graves v. Railroad, 148 S. W., 243; Railroad v. Foster, 88 Tenn., 676.

Code cited and construed: Secs. 1166, 1167, 1168(T.-S.).

9. **NEGLIGENCE.**

Ordinarily, contributory negligence, when proximate cause of injury, will defeat recovery. (*Post*, p. 94.)

10. **NEGLIGENCE.** Traveler's contributory negligence will not defeat recovery against railroad failing to give statutory warning ·(Shannon's Code, section 1574).

In action against railroad for damages for injuries from crossing collision based on railroad's failure to give warnings required by Shannon's Code, section 1574, plaintiff's negligence, though direct and proximate cause of injury, will not defeat recovery. (*Post*, p. 94.)

Cases cited and approved: Hill v. Railroad, 56 Tenn., 826; Railroad v. Smith, 58 Tenn., 457; Railroad v. Walker, 58 Tenn., 383; Railroad v. Gardner, 69 Tenn., 691; Railroad v. Smith, 77 Tenn., 470; Railroad v. Foster, 88 Tenn., 671; Patton v. Railroad, 89 Tenn., 370; Artenberry v. Railroad, 103 Tenn., 266; Railroad v. Binkley, 127 Tenn., 77; Chattanooga Station Co. v. Harper, 138 Tenn., 562.

Code cited and construed: Sec. 1574(S.).

11. **NEGLIGENCE.**

In action founded on nonobservance of statute, plaintiff's negligence must be considered in mitigation of damages. (*Post*, p. 95.)

Cases cited and approved: Railroad v. Fair, 80 Tenn., 35; Patton v. Railroad, 89 Tenn., 370; Railway v. Nowlin, 69 Tenn., 523; Railroad v. Pugh, 97 Tenn., 624; Railroad v. Walker, 58 Tenn., 383.

12. **RAILROADS.** Driving automobile on railroad track contrary to statute, though gross negligence and proximate cause of injury, does not altogether excuse railroad from observing statutory precautions (Acts 1917, chapter 36).

Driving an automobile on a railroad track contrary to Acts 1917, chapter, 36, is gross negligence, but, though proximate cause of plaintiff's injuries, it cannot be set up as altogether excusing railroad from duty imposed upon it by statutes intended to protect life and property. (*Post*, p. 95.)

13. **NEGLIGENCE.** Automobile driver crossing railroad without stopping, as required by statute, held not precluded from recovering for injuries by train failing to give statutory warnings (Acts 1917, chapter 36; Shannon's Code, section 1574, subd. 3).

Plaintiff driving automobile across railroad grade crossing without coming to a full stop, as required by Acts 1917, chapter 36, *held* not precluded from recovering for injuries when automobile was struck by train failing to give warnings required by Shannon's Code, section 1574, subd. 3, where he exercised his intelligence and senses to avoid injury. (*Post, pp.* 95, 96.)

Case cited and approved: Railroad v. Simpson, 149 Tenn., 458.

---

*Headnotes 1. Evidence, 22 C. J., Sections 9, 94; 2. Carriers, 10 C. J., Section 1380; Railroads, 33 Cyc., pp. 965, 966 (Anno); 3. Railroads, 33 Cyc., p. 1010; 4. Negligence, 29 Cyc., pp. 436, 564; 5. Negligence, 29 Cyc., pp. 525, 526; 6. Negligence, 29 Cyc., pp. 508, 525; 7. Negligence, 29 Cyc., p. 521; 8. Railroads, 33 Cyc., p. 971 (Anno); 9. Negligence, 29 Cyc., p. 526; 10. Negligence, 29 Cyc., p. 526; 11. Negligence, 29 Cyc., p. 560; 12. Railroads, 33 Cyc., p. 991; 13. Negligence, 29 Cyc., p. 525.

---

## FROM WILSON.

---

Appeal from the Circuit Court of Wilson County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—Hon. A. B. Neil, Judge.

Lillard Thompson, Louis Chambers, and Walter Stokes, for plaintiff.

W. B. Williams and T. G. Hinson, for defendant.

Mr. Justice Cook delivered the opinion of the Court.

W. S. Page's automobile was struck by the train of the Tennessee Central Railway Company on the Gay

street crossing over the railroad track within the corporate limits of Lebanon, and within a mile of the depot. Action for damages resulted in a verdict for Page upon issues submitted under the second count of the declaration, based on the railway's failure to observe subsection 3, section 1574, of Shannon's Code.

The company insisted in the trial court and in the court of appeals that its employees on the locomotive observed the statute, and further insisted that assuming the non-observance of the statute, Page could not recover because he violated chapter 36, Acts of 1917. The court of appeals affirmed the trial court, and the cause comes for review upon *certiorari*.

We concur in the conclusion of the court of appeals that the testimony of witnesses that they did not hear the whistle or bell as the train approached the station is not negative evidence. After stating that they were in position to hear and observe, and that they could have heard the whistle and bell had either been sounded, the witnesses testify that they heard neither whistle nor bell. They gave the reason which lies at the basis of their direct negative assertion of fact, that is, that they did not perceive the sound of the whistle or bell, that they would have done so had they sounded as the train approached the station. Their evidence was competent and probative of the fact that subsection 3, section 1574, Shannon's Code, was not observed. *Railroad* v. *Ray,* 134 S. W., 858, 124 Tenn., 16, Ann. Cas., 1912D, 910; *Railroad* v. *Abbott,* 5 Tenn. Civ. App., 22, and cases cited.

Referring to the other insistence of the company, Page testifies:

"I slowed down pretty tolerably slow, did not stop just exactly still, and I couldn't see anything, and I listened just as carefully as I could and thought the track was clear."

It is urged that the admission of Page that he violated chapter 36, Acts of 1917, by failing to bring his car to a full stop before driving on the tracks, bars his right to recover, notwithstanding the company failed, upon approaching the town, to observe the statutory precautions required by subsection 3, section 1574, of Shannon's Code. Both statutes impose a positive duty upon the respective parties. Both were intended to protect life and property. That relating to the railroad looks to the safety of persons and animals on the track, and the security of passengers on the train. *Railroad* v. *Gardner,* 1 Lea, 691. Chapter 36, Acts of 1917, was intended to prevent collision of railroad trains and automobiles at grade crossings, and to protect those riding on railroad trains and in automobiles. *Carter* v. *Redmond,* 218 S. W., 217, 142 Tenn., 263.

Before the act of 1917, the common law imposed an absolute duty upon persons crossing railroad tracks to first look and listen and take care for their safety, and failure to observe the duty was negligence as a matter of law. *Railroad* v. *Satterwhite,* 79 S. W., 106, 112 Tenn., 185; *Railway* v. *Whitlock,* 188 S. W., 1151, 136 Tenn., 266; *Railroad* v. *Parks,* 189 S. W., 695, 136 Tenn., 367; *Hurt* v. *Railroad,* 205 S. W., 437, 140 Tenn., 623. But failure to observe that positive duty would not defeat a recovery for injuries caused by failure of the railroad to observe the precautions imposed upon it by statute.

*Railroad* v. *Dies,* 41 S. W., 860, 98 Tenn., 663; *Patton* v. *Railroad,* 15 S. W., 919, 89 Tenn., 370, 12 L. R. A., 184.

Generally speaking, the violation of a rule of the common law, a statute, a municipal ordinance, or any failure to perform a duty imposed for the public safety, is actionable negligence, and whoever suffers in consequence of the violation or nonperformance of the law may maintain an action against the offender for the injuries sustained. *Adams* v. *Inn Co.,* 101 S. W., 428, 117 Tenn., 470.

By parity of reasoning, the breach of any similar duty imposed by law may be pleaded as a bar to a suit founded on defendant's negligence, if plaintiff's breach of the statute or common-law duty was the proximate cause of his injury. At most, the breach of the penal statute would constitute negligence in some degree as would the breach of the common-law duty to stop, look, and listen, before crossing a railroad track, and except in cases arising under the statutes making it obligatory that railroads observe the precautions set forth in section 1574, Shannon's Code, such negligence, if the proximate cause of plaintiff's injury, would bar recovery.

The violation of a penal statute intended for the public safety is deemed negligence *per se,* and generally speaking, if such violation caused the injury on which the action is grounded, the plaintiff would be denied a recovery. *Kramer* v. *Chicago & M. Electric Railway,* 177 N. W., 874, 171 Wis., 627; Thompson on Neg. (2d Ed.), sections 10, 204, 420; Wharton, Neg. (2d Ed.), 85. But the naked violation of such statute by the plaintiff in negligence cases, though controlled by principles of the common law, would not in every case defeat recovery. The causal connection between the violation of the penal

statute and the accident, and generally the conduct of both parties, is looked to, to determine liability, and if the negligence of plaintiff is imputed solely from the violation of a statute, and he in fact exercised his intelligence and senses, and acted as a reasonably prudent man to avoid injury, such violation of the statute without more would not bar recovery for an injury flowing from the wrongful act of the defendant. Note VI, L. R. A. 1915E, 517.

In Illinois, where it seems that contributory negligence will bar recovery in actions against a railroad founded on statutes which impose the observance of precautions, it was held that the fact that the plaintiff was disregarding a statute regulating motor vehicles would not save the railroad from liability if the failure of the automobile driver to observe the statute regulating his conduct in no wise contributed to the injury. *Latham* v. *Railroad Co.,* 179 Ill. App., 329; *Rich* v. *Wilson,* 205 Ill. App., 38. See, also, *Georgia Railroad Co.* v. *Robertson,* 116 S. E., 891, 29 Ga. App., 720.

In *Hines* v. *Partridge,* 231 S. W., 16, 144 Tenn., 236, the same rule was applied in an action against the railroad founded upon common-law negligence. And so in this State, if contributory negligence of the plaintiff was a complete defense in actions founded on nonobservance of Shannon's Code, section 1574, failure of the automobile driver to stop before crossing the track would not bar a recovery, unless the failure to do so was the proximate cause of the accident.

There is evidence that Page exercised his faculties and judgment before proceeding over the track, and seeing no train, hearing no whistle or bell, he concluded

that the track was clear and no train was approaching as he crossed.

Chapter 36, Acts of 1917, denouncing as a misdemeanor the act of one driving an automobile over a railroad crossing without first stopping a space of time at a distance of between ten and fifty feet of the outer rail, is not amendatory of the statute which imposed the duty on railroads to observe the precautions. Nothing in the act indicates a legislative purpose to relax the rule so long existent in this State requiring railroads to observe the statutes carried into section 1574 of Shannon's Code.

Speaking of these statutes, this court in *Graves* v. *Railroad,* 148 S. W., 243, 126 Tenn., 162, said: ''From the very enactment  .  .  .  .this court has said that the statute should be literally construed and its every provision given effect.''

In *Railroad* v. *Foster,* 13 S. W., 695, 88 Tenn., 676, it was contended for the railroad that gross negligence, the direct cause of the injury, should operate in bar of the action notwithstanding the failure of the railroad to observe the statutory precautions. The court said:

''Section 1166 of the Code (T. & S.) prescribes certain precautions to be observed by railroads for the prevention of accidents. The next two sections declare, in the plainest terms, the legal consequences of observance and nonobservance. By section 1167 it is declared that in every case of nonobservance the railroad shall be liable for the damage done; and by section 1168 it is declared that in every case of observance it shall not be liable at all. By the positive language of the statute liability flows from nonobservance, and nonliability follows observance. Neither liability nor nonliability is made to depend on

the cautious or incautious conduct of the person injured; both are to be determined by the conduct of the railroad's employees. The injured person may be ever so negligent in the one case and yet recover something, while in the other case he may be entirely without negligence and yet recover nothing.

"At the common law contributory negligence may bar the action, but under the statute it is to be considered only in mitigation of damages. This distinction is forcibly illustrated and pointedly enforced in the ninth Lea case just cited [*Railroad Co.* v. *Smith,* 9 Lea, 470]. There the plaintiff's intestate walked some distance on the track in the direction of the coming train and in full view of it, though several times warned of her danger by others near by. Indeed, 'her conduct was so unaccountable as to induce the belief upon the part of some that her death was intentional.' "

Ordinarily contributory negligence, the proximate cause of an injury, altogether defeats a recovery, but in actions against railroads for failure to observe the precautions required by Shannon's Code, section 1574, the plaintiff's negligence, though the direct and proximate cause of the injury, will not defeat recovery. *Hill* v. *Railroad,* 9 Heisk., 826; *Railroad* v. *Smith,* 11 Heisk., 457; *Railroad* v. *Walker,* 11 Heisk., 383; *Railroad* v. *Gardner,* 1 Lea, 691; *Railroad* v. *Smith,* 9 Lea, 470; *Railroad* v. *Foster,* 13 S. W., 694, 14 S. W., 428, 88 Tenn., 671; *Patton* v. *Railroad,* 15 S. W., 919, 89 Tenn., 370, 12 L. R. A., 184; *Artenberry* v. *Railroad,* 52 S. W., 878, 103 Tenn., 266; *Railroad* v. *Binkley,* 153 S. W., 59, 127 Tenn., 77; *Chattanooga Station Co.* v. *Harper,* 199 S. W., 394, 138 Tenn., 562.

However, in actions founded upon nonobservance of the statute, the plaintiff's negligence must always be considered in mitigation of damages. *Railroad* v. *Fain,* 12 Lea, 35; *Patton* v. *Railroad,* 15 S. W., 919, 89 Tenn., 370, 12 L. R. A., 184; *Railway* v. *Nowlin,* 1 Lea, 523; *Railroad* v. *Pugh,* 37 S. W., 555, 97 Tenn., 624.

We recognize the justice of the common-law rule requiring persons who go upon railroad tracks to exercise their sense of hearing and sight in order to avoid an injury, and which forbids their recovery where their failure to do so is the proximate cause of their injury. But when a collision resulting in injury follows the railroad's nonobservance of the statute as construed and upheld by the great number of cases in this State, it must be said that the negligence of the injured party, although proximately contributing to his injury, cannot altogether defeat recovery in an action founded on the statute. *Railroad* v. *Walker,* 11 Heisk., 383.

Driving an automobile upon a railroad track contrary to the provisions of chapter 36, Acts of 1917, is gross negligence, and if the violation of the statute which forbids such conduct is the proximate cause of a collision, this conduct should always be charged to the plaintiff in mitigation of damages, and in extreme cases might reduce the recovery to nominal damages; but the violation of the act of 1917 cannot be set up as altogether excusing the railroad of the imperative duty imposed upon it to observe statutes intended to protect life and property.

Plaintiff in error relies on *Railroad* v. *Simpson,* 261 S. W., 677, 149 Tenn., 458, where the court held that the statutory precautions imposed on railroads could not inure to the benefit of an automobile driver who willfully

ran into the side of a train while standing on or passing over the crossing. We are content with the soundness of that conclusion. The statutes regulating the movements of trains were intended as much for those on the trains as those on the tracks, and the strict application of the statute rests in great part upon the protection afforded persons on the train.

These statutes do not inure to the benefit of one who recklessly drives an automobile into the side of a train on the crossing.

We find no error in the judgment of the court of appeals.

Affirmed.