GORDON *v.* TENNESSEE CENT. RY. CO.

(*Nashville,* December Term, 1933.)

Opinion filed Feb. 24, 1934.

C. H. Rutherford and James Rutherford, both of Nashville, for plaintiff in error.

Roberts & Roberts, J. C. R. McCall, and Walter Stokes, all of Nashville, for defendant in error.

Mr. Justice Chambliss delivered the opinion of the Court.

This is a suit to recover under the first count for personal injuries, and under a second count for injuries to plaintiff's automobile, in which she was riding when a collision occurred at a street crossing with a small car operated by defendant's employees, described in the declaration as "a certain motorcycle, or hand car, being a small four wheeled concern." Both of these were common-law counts. The jury found on the facts for the defendant. At the conclusion of the evidence and before the charge of the court, plaintiff offered to amend her declaration by filing a third count, charging violation of the statutory precautions applicable to the operation of railroad trains. The trial judge ruled that the statute did not apply to this kind of car; subsection (4) of Code, section 2628, and sections 2629, 2630, being considered. The Court of Appeals overruled the assignment challenging the action of the jury, approved by the trial court, on the common-law counts, but, holding that the car was within the statute, reversed and remanded. *Certiorari* has been granted and the case heard here.

The sole question is whether or not such a car as is described is within the purview of the statute.

The record shows that FAW, P. J., dissented from the holding of the majority of the court that the statutory precautions "apply to the operation of a gasoline motor-car by a section crew in the course of their work on a railroad track." In this view we concur.

The majority opinion of the Court of Appeals quotes from and relies on the opinion of this court in *Stem* v. *Nashville Interurban Railway,* 142 Tenn., 494, 221 S. W., 192. In that case it was the character of the road and its operation as a whole which was determinative, rather than that of the particular car involved, which was a combination passenger and freight carrier, readily and naturally susceptible of equipment in those regards contemplated by the very terms of the statute.

Subsection (4), which alone has possible application, reads as follows:

"Every railroad company shall keep the engineer, fireman, or some other person upon the locomotive, always upon the lookout ahead; and when any person, animal, or other obstruction appears upon the road, the alarm whistle shall be sounded, the brakes put down, and every possible means employed to stop the train and prevent an accident."

As indicated in the Stem Case, the motive power is not controlling, but, first, quite clearly, it is the operation of a "locomotive" which is intended to be regulated; and, second, it is the stopping of a "train" which is the objective in contemplation. This appears not only from the express use of the terms "locomotive" and "train," but from the language of the specific requirements touching sounding of "the alarm whistle" and putting down of the brakes, expressions suggestive of a locomotive and

attached heavy train, and foreign to a small work car, whether propelled by hand, or gasoline.

This court, speaking through Mr. Justice LURTON, quite definitely approved this construction in *Patton* v. *R. Co.*, 89 Tenn., 370, 15 S. W., 919, 920, 12 L. R. A., 184, by the use of this language: "The case provided for by the statute is that of a train pulled by a locomotive, and the precautions are those required to be observed by those servants upon the engine, and have regard to obstacles on the track in front of or ahead of the engine." And again, "the precautions to be observed . . . are chiefly such as can only be found upon the engine."

The Patton Case differs on its facts from that before us now, but the principle of construction limiting application of this precaution statute to a locomotive and train applies here. *Patton* v. *Railroad Co., supra,* was approved in *King* v. *Railroad Co.,* 129 Tenn., 44-50, 164 S. W., 1181, 51 L. R. A. (N. S.), 618.

Cases from other jurisdictions relied on will be found to be largely (1) rested on statutes differing from ours, or (2) holdings in common-law actions; but the great weight of outside authority appears to sustain, as indicated by footnote citations, this general statement in 52 C. J., p. 235:

"The statutes with reference to signals, lookouts, and other precautions, do not apply to the operation of hand cars, gasoline hand cars, auto speeders, or motor cars," etc.

The distinction taken excluding a "hand" car, however propelled, from precaution statutes governing "locomotives" and "trains," is expressly approved in the states, among others, of Arkansas, Mississippi, Missouri,

and Virginia. *Yazoo, etc., R. Co.* v. *Day,* 120 Miss., 296, 82 So., 148; *Cook* v. *Mo. Pac. R. Co.,* 169 Ark., 1211, 277 S. W., 345; *Henson* v. *R. Co.,* 110 Mo. App., 595, 85 S. W., 597; *Franklin, etc., R. Co.* v. *Shoemaker,* 156 Va., 619, 159 S. E., 100.

This statute was not intended to apply when its application would be unreasonable, impossible, or impracticable. *Nashville, C. & St. L. Ry.* v. *Lovejoy,* 138 Tenn., 492-502, 198 S. W., 61. And, as said in *Johnson* v. *So. Pac. R. Co.,* 196 U. S., 1, 25 S. Ct., 158, 49 L. Ed., 363, "Statutes of this kind are remedial as well as penal, and it would seem to be the proper course to search out and follow the true intent of the legislature, and to adopt that sense of the words used which will promote the legislative policy, being careful that the statute should not be enlarged by implication."

It is not intended, of course, in denying application of this statute to this character of car, to suggest relaxation of the common-law rules which require care and caution in operation of such vehicles, whether on tracks or highways, and however propelled, and whatever, their weight and size, but we hold only that the particular drastic statutes under consideration are without application to a "motorcycle," or small motor car, whether it be driven on a railway track or on an equally speedy concrete highway.

The decree of the Court of Appeals will be reversed, and the suit dismissed.