**Oscar JEFFREYS and wife, Shirley Ann Jeffreys, Appellants,**

**v.**

**LOUISVILLE & NASHVILLE RAILROAD COMPANY, INC. and O. Daugherty, Appellees.**

Court of Appeals of Tennessee, Western Section.

Oct. 21, 1977.

Certiorari Denied by Supreme Court Jan. 16, 1978.

Charles R. Terry, Morristown, Ward S. Whelchel, Jr., Knoxville, for appellants.

J. W. Baker, Knoxville, for appellees.

NEARN, Judge.

While plaintiff was attempting to cross the defendant's tracks in his Volkswagen automobile, defendant's train struck plaintiff's vehicle and seriously injured plaintiff.

The issue on appeal is whether the Trial Judge was correct in directing a verdict for the defendant railroad and its engineer at the close of all the proof. The nature of

the issue requires a review of the proof in a light most favorable to the plaintiff. *Poole v. First Nat. Bank of Smyrna* (1946 M.S.) 29 Tenn.App. 327, 196 S.W.2d 563; *Baggett v. Louisville & Nashville Railroad Co.* (1962 W.S.) 51 Tenn.App. 175, 365 S.W.2d 902.

Viewing the proof in the required manner would result in the following factual situation. Plaintiff was on his way to work at about 7:00 a. m. on the morning of May 16, 1975. He was travelling southwardly on Jackson Road. This was the usual and customary route he travelled to and from work. For the purpose of easy description it will be said that Jackson Road runs in a north-south direction and defendant's tracks cross it in an east-west direction. At the time of the collision it was daylight and there was no fog although a light rain was falling. There is no mechanical device for warning traffic of an approaching train, but the crossing is marked by prominent "cross-bucks".

As a result of the injuries sustained, plaintiff has no memory of the collision and was not able to testify of his actions immediately prior to the collision. The testimony of events immediately surrounding the collision is supplied primarily by the train crew and the investigating police officer. Their combined testimony is that the train speed was about 25 m. p. h. and as the engine approached the track with its headlight and zig-zag light operating, bell ringing and whistle blowing, plaintiff was approaching the track at about 10 m. p. h. The train crew thought he was going to stop, but he did not and proceeded onto the track immediately in front of the train either without ever looking at the train (engineer) or looking up at the train only immediately before impact (fireman).

From the photographic exhibits and testimony in the record it could be determined that the railroad has permitted some growth on its right of way which to some extent limits visibility of southbound vehicular traffic approaching from the north. However, the testimony is that at a distance of 50 feet from the crossing a train approaching from the east could be seen 150 feet from the crossing. At a distance of 25 feet from the crossing, an approaching train could be seen at least 650 feet from the crossing and at a distance of 15 feet a train could be seen 1,342 feet from the crossing.

Counsel for appellant cites us to instances in the record where the testimony of the train crew is confusing in that one's testimony might tend to contradict another or his own. The discrepancies are argued to be disputed issues of fact which therefore should have been submitted to the jury. Also, it is argued that the act of the railroad in allowing some trees to grow on its right of way might be considered by a jury as an act of negligence on the part of the defendant railroad. However, such argument fails to consider the basic question. That question is not what the proof shows in regard to the railroad's negligence, but what the proof shows in regard to the plaintiff's negligence. In other words, the question is does the proof establish that as a matter of law the plaintiff is guilty of proximate contributory negligence?

While it is true that, like a dead man, an amnesiac is afforded the presumption that he acted with due care, such presumption continues only in the absence of evidence to the contrary. *Tennessee Cent. Railroad Co. v. Page* (1925) 153 Tenn. 84, 282 S.W.2d 376; *Oder v. Parks* (1948 E.S.) 34 Tenn.App. 303, 237 S.W.2d 571; *Louisville & Nashville Railroad Co. v. Frakes and Payne* (1928 M.S.) 11 Tenn.App. 593. All of the evidence in this case is to the contrary. The plaintiff was familiar with all aspects of the crossing and knew that trains frequently passed it. According to the defense witness, he never looked toward the train or did not look toward it till he was hit. Had he looked toward the train, he was chargeable with seeing that which was there for him to see. *Klein v. Illinois Cent. Railroad Co.* (1927 W.S.) 4 Tenn.App. 563; *Louisville & Nashville Railroad Co. v. Anderson* (1929)

159 Tenn. 55, 15 S.W.2d 753; *Union Railway Co. v. Jinks* (1965 W.S.) 55 Tenn.App. 491, 402 S.W.2d 495. There for him to see and to hear was a train approaching with lights flashing, whistle blowing and bell ringing. Perhaps the visibility was to some degree limited by tree growth, but plaintiff knew of that condition as he crossed that same track twice each working day. The evidence is undisputed that the train could have been seen by the plaintiff for some distance before mounting the tracks.

The general rule is that it is negligence *per se* for a person to enter upon a track without looking or listening. *Tenn. Central Ry. Co. v. Hayes* (1928 M.S.) 9 Tenn.App. 116; *Louisville & Nashville Railroad Co. v. Frakes and Payne,* supra. It is only in exceptional cases that the rule does not apply, and in cases in which the facts relied upon as creating the exception itself are not superinduced by the want of due care. *Nashville, Chattanooga & St. Louis R. Co. v. Witherspoon* (1903) 112 Tenn. 128, 78 S.W. 1052; *Tenn. Cent. Ry. Co. v. Page,* supra. It cannot be disputed from the proof but that plaintiff did not look and listen before getting upon the track and failed to see the danger that was there to see and the possibility of which he was bound to know. We are unable to find facts in the record which makes this case an exception to the general rule and therefore conclude that the Trial Judge was correct in directing a verdict for the defendant.

The judgment of the Trial Court is affirmed with costs of appeal adjudged against appellant.

Done at Knoxville in the two hundred and second year of our Independence and in the one hundred and eighty-second year of our Statehood.

CARNEY, and MATHERNE, JJ., concur.