James M. GREEN, Plaintiff-Appellee,

v.

CITY OF KNOXVILLE,
Defendant-Appellant.

Court of Appeals of Tennessee,
Eastern Section.

Sept. 8, 1982.

Permission to Appeal Denied by
Supreme Court Nov. 22, 1982.

Rom Meares of Meares & Meares, P.C., Maryville, for plaintiff-appellee.

Jack W. Bowers, Knoxville, for defendant-appellant; Foley, Bowers & Bell and Jon G. Roach, Law Director, City of Knoxville, Knoxville, of counsel.

## OPINION

FRANKS, Judge.

The City of Knoxville appeals a $15,000.00 judgment entered by the circuit judge on behalf of the plaintiff for personal injuries sustained in a collision between a motorcycle operated by the plaintiff and a fire truck owned by the City of Knoxville, at the intersection of Highland Avenue and Seventeenth Street in Knoxville, on April 20, 1980.

The sole issue on appeal is whether the judgment is "supported by the weight of the evidence and the factual findings of the court?".

At the conclusion of the evidentiary hearing, the court stated:

> The Court feels in this case that the responsibility is the City and gives the plaintiff the judgment because if [sic] the City didn't act properly, they weren't exercising the proper care when they went through that intersection in that area of the University with all these students.

While the plaintiff testified he could not remember the accident and did not know how it happened, the evidence is virtually undisputed. The fire truck involved in the accident was proceeding in a southerly direction on Seventeenth Street as it approached the intersection with Highland Avenue; plaintiff was proceeding in an eastwardly direction on Highland Avenue toward Seventeenth Street. Highland Avenue is offset at the intersection with two separate traffic lights controlling the flow of traffic and a large house is near the corner where plaintiff emerged from Highland. The evidence established that to some extent the physical structures block both sound and view. The fire truck was proceeding at a speed of 20 to 25 m.p.h., with all of its warning devices activated and in operation; an eyewitness testified plaintiff entered the intersection on a green light and the collision between the respective vehicles occurred near the middle of the intersection. Scrape marks on the pavement indicated plaintiff had crossed two of the four lanes of Seventeenth Street prior to impact. While disputed, the investigating traffic officer testified the operator of the fire truck stated he "thought all of the lights were red." Considerable evidence was offered as to special traffic control devices provided by the City of Knoxville at certain traffic lights for use when emergency vehicles are operated through the intersections. The intersection in question had a manual control device at a nearby fire station; however, the manual device was not activated on this occasion but it may be inferred that the operator of the fire truck entered the intersection thinking all lights were red and, as the evidence establishes, he did not slow the vehicle upon entering the intersection.

Our review of the findings of fact in this action is *de novo* but the trial judge's determination is accompanied by a presumption of correctness unless the preponderance of the evidence is otherwise. T.R.A.P., Rule 13(d).

Plaintiff's inability to recall the accident affords the presumption that he acted with due care, *Jeffreys v. Louisville & N.R. Co.*, 560 S.W.2d 920 (Tenn.App.1977), and the evidence in this record does not preponderate against the trial judge's factual determination that the operator of the fire truck was not exercising proper care when he drove into the intersection without slowing.

As an authorized emergency vehicle, the operator of the fire truck was privileged to proceed past the red light but, in the words of the statute: "only after slowing down as may be necessary for safe operation", and further, in the words of the statute, he was not relieved from "the duty to drive with due regard for the safety of all persons."

T.C.A., § 55–8–108. There is ample evidence to establish that the intersection is hazardous and the so-called blind corner could have reasonably prevented plaintiff from seeing or hearing the emergency vehicle prior to his entering the intersection, and that he acted reasonably by entering the intersection on a green light. Accordingly, the failure of the emergency vehicle to slow before entering the intersection can reasonably be said to be the proximate cause of the accident and resulting injuries. We, therefore, affirm the judgment of the trial court and remand the cause, with costs incident to the appeal assessed to the appellant.

SANDERS and GODDARD, JJ., concur.